March 4.
JUDGE GREEN
delivered his opinion.
The objection now taken by' the Appellants, that the Appellees were improperly permitted to appear, plead and demur, without giving special bail, was waived by the Appellants’ taking issue on the plea, and joining in the demurrer-, *without making this objection in. terms; and the appearance bail was thereby discharged, as was decided in Grays v. Hines, 4 Munf. 437. The appearance of the Defendants, and pleading' without'giving special bail, superceded the issue joined upon the plea put in by the bail for their appearánce, and rendered it null. In strictness, perhaps, it ought to have been set aside; but, the omission to do so, is no error to the injury of the. Appellants.
The Declaration alleges, that the Plaintiffs were incorporated by the name of “The Culpeper Agricultural and Manufacturing Society;” and avers that the Defendants executed their obligation to them, by the ■name of “The President and Managers of the Culpeper Agricultural and Manufacturing Society;” and upon a demurrer to this Declaration, the question is, whether such an averment can be made, against the terms of the obligation as described in the Declaration? If it can, then, instead of demurring, the Defendants should have pleaded, that certain persons by name, were: “The President and Managers of the Society,” and that the bond was made and delivered to those persons individually, and traversed this averment in the Declaration. For, by demurring, they admit the averment to be true, if it is competent to the Plaintiffs to make it. This averment might, I think, be well made. Although a Corporation cannot sue but in its true name, contracts may be made by and with it, by a mistaken name, if the mistake be only in syllabis et verbis, and not in sensu et reipsa, as is said bj’ the Court in the case of The Mayor aqd Burgesses of Lynn Regis, 10 Co. 125; and such a mistake may be averred in pleading, or shown in evidence, upon the general issue. Ibid, and Gilb. Hist. C. B. 179, Cap. 17, cited 6 Vin. *651 Abr. 320. If some words are added to or omitted in, the true name of a Corporation, this is not a fatal variance, if there be enough to distinguish the Corporation from all others and to show, that the Corporation claiming, or against which a claim is asserted, was intended; of which many examples are given in the case cited from Coke’s Reports.
*If, in this case, the bond had been given to “ A. B., President, and C. D., Managers of the Culpeper Agricultural and Manufacturing Bank Society,” or to the “President and Managers of the Culpeper Agricultural and Manufacturing Bank,” I should have thought that it could not have been averred or shown by proofs, that it was in truth given to the “Culpeper Agricultural and Manufacturing Society for, this would be an opposition to the legal import of the Deed itself. In the first case, the legal effect of the Deed would be, to create an obligation to the individuals named, and the addition of “President and Managers” would be only a superfluous description of the particular individuals meant, or at most an indication that the obligation was made to them, for the benefit of the Corporation; and in the other, the name of the Corporation in the bond, would be different in sense, from the true name of the Corporation claiming it as made to them. But in this case, the naming of the ‘‘President and Managers, without using their proper names, does not, in any degree, contradict the averment that the bond was made to the Corporation ; but, is entirely consistent with it, since it clearly indicates that the bond was given to them and the other Corporators, not in their individual, but in their corporate characters.
I think the Judgment should be reversed, the demurrer overruled, and the cause remanded fo'r a trial of the issue in fact joined between the parties.
The other Judges concurred, and the judgment reversed, &c.